[No. 21681. Department Two. February 26, 1929.]

THE STATE OF WASHINGTON, *on the Relation of Julius Cohn, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY *et al.*, *Respondents.*[1]

*Samuel R. Stern*, for relator.
*Ewing D. Colvin* and *Ralph Hammer*, for respondents.

MILLARD, J.—This is an original application in mandamus. The relator was convicted in the superior court of a crime, and has appealed. He presented to the trial judge a proposed statement of facts for settlement and certification. It contained language alleged to have been uttered by the trial judge during the cross-examination of the defendant. The trial judge refused to allow it to remain in the statement of facts to be certified by him, whereupon the relator petitioned this court for an order directing the trial judge to show cause why he should not be compelled to certify the proposed statement of facts. The answer of respondent that the comment contained in the proposed statement of facts and ascribed to the trial judge was not made at any time during the trial raising an issue of fact between the trial judge and counsel, we referred the cause to Honorable Fred G. Remann, judge of the superior court for the state of Washington in and for Pierce county, to take testimony and report the same, together with his findings and conclusions, to this court, as to whether the language contained in the proposed statement of facts was actually used by the court, as alleged by relator.

At the hearing before the referee, the near relatives of the relator in attendance at the trial, the trial judge, the deputy prosecutor, counsel who represented defendant in the trial on the criminal charge, and the twelve jurors were examined. Their testimony, together with the findings and conclusion of the referee, have been submitted to this court and the relator and respondent heard thereon.

From the findings made by him, the referee concludes that the testimony is not sufficient and does not preponderate in favor of the statement having been made, and therefore should be stricken from the proposed statement of facts.

[1] Reported in 275 Pac. 28.

We have read the record, including the ninety-three pages of testimony, with painstaking care, and are convinced that the referee's findings and conclusion are correct; therefore the writ is denied.

MITCHELL, C. J., MAIN, FRENCH, and PARKER, JJ., concur.